STATE DIVISION OF HUMAN RIGHTS, Petitioner, *v.* JANINA JANICA, Respondent.

Fourth Department, December 9, 1971.

*Henry Spitz* (*Lawrence Kunin* of counsel), for petitioner.

*Janina Janica,* respondent in person.

*Per Curiam.* The State Division of Human Rights has moved for an order (Executive Law, § 298) enforcing the order of the Commissioner of Human Rights dated October 7, 1970.

The facts are not in dispute.

The complainant, Carmen McCray, a black, phoned respondent, Mrs. Janica, on June 8, 1969 regarding an advertisement for

a vacant five-room apartment which appeared in the *Niagara Falls Gazette*. Having learned that it was still vacant at 4:30 P.M., claimant went to the premises at 7:00 P.M. at which time respondent then advised her that the apartment was rented. Subsequently, a white employee of the Division making similar inquiries of respondent and visiting the premises, was told that the apartment was available and respondent offered to rent it to her for $85 per month. Thereafter complainant rented a similar five-room apartment on July 15, 1969 (one year before the hearing) for $100 per month plus utilities which amounted monthly to $40 to $50 in the winter and $10 in the summer. Following the hearing in this matter the Commissioner directed certain affirmative actions as set forth in ordering paragraphs 1 through 7.

The purpose of such directions is to serve one or more of three distinct purposes, viz.: (1) to directly effectuate the purposes of the act, e.g., requiring respondent to notify the Division of all available vacancies; (2) to enable the Division to determine whether there has been compliance, e.g., with the requirement that respondent file referral reports every six months; or (3) to direct respondent to report information which may enable the Division to seek enforcement in the event of noncompliance.

These directions are not self-enforcing. They are not brought into play unless there has been a violation of a Division order, and then the Division must seek an enforcement order for noncompliance (Executive Law, § 297; *Matter of State Division of Human Rights* v. *Employers Commercial Union Ins. Group*, 33 A D 2d 273).

Those of the seven ordering paragraphs in this case which appear to us to serve any of these three purposes should be enforced. These affirmative directions require some discussion. No. 1 requires respondent to advise the complainant by letter of the next vacancy, and, if a five-room apartment, to offer to rent it to the complainant for $85 per month. Such is clearly for the purpose of effectuating the intent of the act and is an affirmative direction which may properly be ordered (*State Division of Human Rights* v. *Stern*, 37 A D 2d 441). No. 2 directs respondent to pay $500 as compensatory damages and should be stricken insofar as it purports to award damages in the amount of $140 for mental anguish because there is insufficient evidence in the record to justify it. While the Commissioner has power to award compensatory damages if justified by the evidence (*State Comm. for Human Rights* v. *Speer*, 29 N Y 2d 555, 558) if there is a complete absence of any proof in the record to sustain it, no such award may be made (*Matter of State Division of Human Rights* v. *Luppino*, 35 A D 2d 107, affd. 29 N Y 2d

558; *Matter of Moskal* v. *State Division of Human Rights,* 36 A D 2d 46). There is, however, sufficient evidence to support compensatory damages for the balance of $360 for increased rent required to be paid by complainant (*Matter of Italiano, 36 A D 2d 1009*). The evidence reveals complainant rented an apartment on July 15, 1969 (one year before the hearing but after being refused a housing accommodation by respondent) for $100 per month plus utilities which amounted monthly to $40 to $50 in winter and $10 in summer. The apartment that respondent was offering to rent was $85 per month including utilities. Thus the Commissioner found $15 per month for increased rent and $15 per month for increased utilities, which complainant was required to pay for the one-year period. This amount appears to be an actual out-of-pocket loss occurring as a result of a discriminatory act and was, therefore, properly awarded (*Matter of Luppino, supra*) : No. 3 directs respondent to notify the Division for a period of two years when any housing accommodation now or hereafter owned shall become available for rental. Such is proper so that the Division may seek enforcement in the event of noncompliance (*Scorcia* v. *State Division of Human Rights,* 27 N Y 2d 912, affg. without opn. 33 A D 2d 1025); No. 4 directs respondent to forward to the Division for a period of two years the number of vacancies in her property and the number of referrals to the Niagara Falls Commission on Human Rights. This affirmative direction is reasonably related to the Division's need to determine respondent's compliance with the act (*Matter of Kindt* v. *State Comr. for Human Rights,* 23 A D 2d 809, affd. 16 N Y 2d 1001); No. 5 directed respondent to keep for two years records of all applications of persons subject to Human Rights Law and where rejected show the reason therefor. This is a proper direction (*Matter of Kindt, supra*; *Matter of State Division of Human Rights* v. *Stern, supra*). No. 6 directed respondent to display a copy of the Division housing poster where it may be readily observed. Such clearly effectuates the purposes of the act and may properly be enforced; No. 7 directs respondent to make compliance information available to the Division. This provision is necessary in order to enable the Division to seek enforcement in the event of noncompliance and is generally enforceable (*Matter of State Comm. for Human Rights* v. *Kennelly,* 30 A D 2d 310, affd. 23 N Y 2d 722). However, in order for the direction to be definite and consistent with the other ordering provisions, it should be limited as they are to a two-year period. Thus, fixed in time, it would be properly enforceable.

Finally, we still must consider, in reviewing the Division's application for an enforcement order proof in the record of noncompliance as to the various ordering paragraphs. Except as to paragraph 2 (compensatory damages) there is no such factual proof upon which we may properly grant an order of enforcement (*State Division of Human Rights* v. *Stern, supra.*)

DEL VECCHIO, J. P., MARSH, MOULE, CARDAMONE and HENRY, JJ., concur.

Motion for an order of enforcement unanimously granted to the extent of enforcing paragraph 2 as to compensatory damages for loss of rent and denying enforcement as to the remainder of paragraph 2; and otherwise motion denied with leave to renew upon proper proof of noncompliance; all without costs to any party.